**Bagh Singh GILL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74181.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided Aug. 18, 2004.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Regina Byrd, Attorney, Ernesto H. Molina, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before: THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Bagh Singh Gill, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA adopted and affirmed a decision of the Immigration Judge ("IJ") denying Gill's applications for asylum and withholding of removal. Gill argues that the IJ's adverse credibility determination is not supported by substantial evidence. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.[1]

Where the BIA adopts and affirms the IJ's decision, we review the IJ's decision. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). We review the IJ's finding that Gill's testimony was not credible under the substantial evidence standard. *Id.* An IJ's credibility finding is accorded "substantial deference," but "only if the IJ has … offered a 'specific, cogent reason for any stated disbelief.'" *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003) (quoting *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994)).

The IJ found that Gill's testimony was both internally inconsistent and inconsistent with his asylum declaration. In particular, he had great difficulty recalling important dates and contradicted himself about when he last saw his brother. The IJ considered that Gill's confusion may have been caused by nervousness, but she rejected this explanation based on her observations of his demeanor. Rather than nervousness, he appeared to have "difficulty … holding together a story that is not entirely true." The IJ also noted that although corroborating evidence is not necessary when an applicant has testified credibly, Gill's testimony was not completely credible and he produced insufficient proof of his identity.

Because adverse credibility findings based on demeanor are entitled to special deference, *Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999), and because the IJ's demeanor observations are supported by the record, we hold that a reasonable fact-finder would not have been compelled to conclude that Gill was a credible witness. Moreover, "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review." *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000). Here, Gill received affidavits and other corroborating documents from India and provided inconsistent explanations for his failure to obtain a photo identification.

Accordingly, the petition for review is DENIED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.